**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Zendejas and Araceli Zendejas, | No. CV-08-1720-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Shell Oil Company; Shell Chemical LP, Individually and as a Successor-in-Interest to Shell Chemical Corporation; ConocoPhillips Company, | |
| Defendants. | |

Plaintiffs Raul and Araceli Zendejas have filed a motion for remand and a request for attorneys' fees. Dkt. #21. Defendants have responded to the motion and Plaintiffs have replied. Dkt. ## 28, 31. For the reasons that follow, the Court will grant the motion to remand and deny the request for attorneys fees.[1]

**I.    Background.**

On March 30, 2007, Plaintiffs filed a complaint in superior court alleging negligence, strict liability, breach of warranty, misrepresentation, and gross negligence. Dkt. #1-2 at 6-11. According to the complaint, Plaintiff Raul Zendejas worked from June 2000 to April 2006 as a general laborer and fuel truck driver where he pumped, loaded, unloaded, and

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1   transported gasoline, diesel fuel, solvents, and other petrochemical products. *Id.* at 4.

2   Plaintiffs originally asserted claims against out-of-state Defendants ConocoPhillips and

3   Shell, which provided the gasoline, solvents, and chemicals that Plaintiff transported, and in-

4   state Defendants Von Verde Citrus Packing House, Inc., Von Verde Harvesting, Inc., and

5   Von Verde Citrus Growers Cooperative, Inc., on whose premises Plaintiff was exposed to

6   gasoline, solvents and chemicals during deliveries. *Id.* at 5. Plaintiff was diagnosed with

7   leukemia in April of 2006. *Id.* Plaintiff asserts that his illness was caused by exposure to the

8   products provided by Shell and ConocoPhillips and delivered to the Von Verde defendants.

9   *Id.*

10      On July 10, 2008, approximately 16 months after they had filed suit, Plaintiffs notified

11   Shell and ConocoPhillips that they would dismiss the Von Verde defendants. The superior

12   court signed the order of dismissal on September 15, 2008. Dkt. #1 ¶¶ 5-6. Shell and

13   ConocoPhillips received notice of the order on September 18, 2008, and filed a notice of

14   removal the same day. *Id.* ¶ 6. Defendants' notice admits that the one-year time period for

15   removal established by 28 U.S.C. § 1446(b) had passed, but argues that the deadline should

16   be equitably tolled because Plaintiffs engaged in forum manipulation. *Id.* ¶ 17.

17      On October 15, 2008, Plaintiffs filed a motion for remand and attorneys' fees.

18   Dkt. #21. Plaintiffs argue that the case should be remanded to state court because the notice

19   of removal was untimely, Plaintiffs never engaged in forum manipulation, and substantial

20   progress has been made on the case in state court. *Id.* at 4-8. Defendants counter that the

21   one-year limitations period should be equitably tolled because Plaintiffs engaged in forum

22   manipulation and no substantial progress has been made in this case. Dkt. #28. Defendants

23   assert that (1) Plaintiffs did not take any discovery from the Von Verde defendants,

24   (2) Plaintiffs learned from Von Verde's initial disclosure statement that they had sued the

25   wrong Von Verde entity, but never took action to correct their pleading, (3) Plaintiffs non-

26   suited the Von Verde defendants after the one-year removal period had expired, (4)

27   Plaintiffs' attorney told the Von Verde attorney that the Von Verde defendants were in the

28   lawsuit to avoid diversity, and (5) when asked by the Von Verde defendant's attorney why

1    the Von Verde defendants were not dismissed from the case, Plaintiff's attorney asked if this

2    would create diversity.  Dkt. #28 at 2-7.

3    **II.    Legal Standard.**

4           Any civil action brought in state court over which the federal district courts have

5    original jurisdiction may be removed to the federal district court for the district where the

6    action is pending.  28 U.S.C. § 1441(a).  The statute places a limitation on cases that were

7    not removable at the time the complaint was filed, but later become removable.  These cases

8    may be removed within thirty days of becoming removable, except that cases removed on

9    the basis of diversity of citizenship may be removed only during the one-year period

10   following the filing of the complaint.  28 U.S.C. § 1446(b).

11          Courts strictly construe the removal statute against removal jurisdiction.  *Gaus*

12   *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Indeed, there is a "strong presumption"

13   against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the

14   right of removal in the first instance."  *Id*.  "The 'strong presumption' against removal

15   jurisdiction means that the defendant always has the burden of establishing that removal is

16   proper."  *Id.*

17   **III.   Analysis.**

18          The Ninth Circuit has not yet addressed whether the one-year time limit in § 1446(b)

19   may be equitably extended.  Defendants ask the Court to follow the Fifth Circuit's approach

20   and hold that the one-year deadline may be equitably extended in the event of forum

21   manipulation by the plaintiff.  In *Tedford v. Warner-Lambert Company*, 327 F.3d 423 (5th

22   Cir. 2003), the Fifth Circuit reasoned that although Congress may have intended to limit

23   diversity jurisdiction, it did not intend to allow plaintiffs to circumvent it altogether.  *Id.* at

24   427.  The court found that "[s]trict application of the one-year limit would encourage

25   plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby

26   undermining the very purpose of diversity jurisdiction."  *Id.*

27          Not all circuits agree.  The Eleventh Circuit holds that the one-year limit in § 1446(b)

28   is an absolute bar to removal.  *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.12

1    (11th Cir. 1994).  The Eleventh Circuit reasons that the plaintiff is the master of his claim and

2    the defendant's right to remove is limited.  *Id.* at 1095.  The Eleventh Circuit notes that

3    Congress was aware of the possibility that some plaintiffs would use the one-year limit to

4    intentionally avoid federal jurisdiction and approved the limit nonetheless.  *Id.* at 1097 n.12.

5         The Court need not decide between these two positions because Defendants would not

6    be entitled to an equitable extension of the one-year period even under the Fifth Circuit's

7    approach.  The facts in *Tedford* provide much stronger evidence of forum manipulation than

8    the facts in this case.  Tedford and another plaintiff sued an out-of-state drug manufacturer

9    and a local doctor.  *Id.* at 424.  The local doctor had never treated Tedford and clearly was

10   not a proper defendant in her case.  As a result, Tedford's claim was severed from that of the

11   plaintiff whom the local doctor had treated.  Because this left only an out-of-state defendant

12   in Tedford's case, the out-of-state defendant gave notice that it planned to remove the case

13   to federal court.  *Id.*  Within three hours of receiving this notice, Tedford amended her

14   complaint to add her local treating physician.  *Id.*  Tedford never took any discovery from

15   the physician and signed and post-dated a notice of non-suit before the one-year period for

16   removal had expired.  *Id.*  Tedford then notified the out-of-state defendant of the non-suit

17   only after the one-year period had elapsed.  *Id.*  Given these facts, the Fifth Circuit rightly

18   concluded that Tedford had sued the local doctor solely to avoid federal court, and held that

19   the one-year limit in § 1446(b) should be equitably extended.  *Id.* at 427.

20        Plaintiffs in this case did not sue a local defendant with whom they had no dealings.

21   Defendants do not dispute that Plaintiff Raul Zendejas actually delivered fuels and solvents

22   to Von Verde facilities and was significantly exposed to the fuels and solvents during the

23   deliveries.  Nor did Plaintiffs hasten to add another local defendant, whom they had never

24   thought to sue in the past, upon learning of defendants' intention to remove.  Plaintiffs did

25   not dismiss the local defendant short of the one-year mark, post-date the dismissal, and

26   inform Defendants of the dismissal only after the removal period had expired.  Plaintiffs

27   dismissed the Von Verde defendants more than one-year and four months after the case

28

commenced.[2]  Although Plaintiffs' attorneys did make comments suggesting that they were aware of diversity considerations, this does not amount to improper forum manipulation of the kind at issue in *Tedford*.  Plaintiffs often select their forum with care and choose defendants best suited to their litigation strategy.  It clearly is not improper for a plaintiff to sue a local defendant against whom the plaintiff has a colorable claim in order to avoid diversity jurisdiction in federal court.  The impropriety arises when, as in *Tedford*, the plaintiff sues defendants against whom the plaintiff has no legitimate claim and then holds them in the case only long enough to defeat removal.

Defendants have not clearly shown the kind of improper forum manipulation that was present in *Tedford*.  Because there is a strong presumption against removal and doubts are resolved in favor of remand, *Gaus*, 980 F.2d at 566, the Court concludes that the one-year period should not be extended even under the Fifth Circuit's approach.  The notice of removal was therefore untimely and the Court will grant the motion for remand.

**IV.    Motion for attorneys' fees.**

Section 1447(c) provides that a district court may require payment of just costs and attorneys' fees incurred as a result of an improper removal.  28 U.S.C. § 1447(c).  Costs and fees "'should not be awarded when the removing party has an objectively reasonable basis for removal.'"  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 708 (2005)).  Although Defendants have not prevailed in their removal, the Court concludes that they had a colorable basis for removal to this Court on an issue of first impression in the Ninth Circuit.  The Court therefore will deny Plaintiffs' request for costs and attorneys' fees.

---

[2]The Court is not persuaded by Defendants' assertion that Plaintiffs mistakenly believed that the one-year removal period started running from the time of service rather than the time of filing, so that their dismissal of the Von Verde defendants did in fact coincide with the end of the one-year removal period.  First, Defendants present no evidence of such a mistake on the part of Plaintiffs.  Second, § 1446(b) and Arizona law are clear.  Removal is not allowed "more than 1 year after commencement of the action," 28 U.S.C. § 1446(b), and an action commences when a complaint is filed, ARIZ. R. CIV. P. 3.

**IT IS ORDERED:**

      1.      Plaintiffs' motion to remand (Dkt. #21) is **granted**.

      2.      Plaintiffs' motion for attorneys' fees (Dkt. #21) is **denied**.

      3.      The Clerk is directed to **remand** this case to state court.

DATED this 10th day of December, 2008.

_____
David G. Campbell
United States District Judge